I-HENG HSU (N.Y. Reg. 4904033)
MICHAEL S. TYE (D.C. Bar. No. 488101)
Trial Attorneys
U.S. Department of Justice, Civil Division
P.O. Box 875, Ben Franklin Station
Washington D.C. 20044-0875
Tel: (202) 616-3619
Email: I-Heng.Hsu@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STATE OF NEW YORK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF ENERGY, *et al.*, <br><br> Defendants. | Case No. 6:25-cv-01458-MTK <br><br> DEFENDANTS' MOTION TO DISMISS |

## LR 7-1 CERTIFICATION

Counsel for the Defendants certify that the parties conferred via videoconference regarding this motion and were unable to resolve this issue. The Plaintiffs oppose the relief sought herein.

## MOTION TO DISMISS

On August 27, 2025, the Plaintiffs (hereinafter the "States") moved for partial summary judgment in their favor on Count I of their Complaint (Administrative Procedure Act, 5 U.S.C. § 706(2)(A)) ("Motion"). Defendants contemporaneously file an opposition to the States' motion and seek dismissal of the States' Complaint because the Court lacks subject matter jurisdiction

Defendants' Motion to Dismiss
1

over this matter. *See* Defs. Opp. (Doc. 55) ("Defs. Opp.", "Opposition," or "Defendants' Opposition").

## STANDARD OF REVIEW

It is a fundamental precept that federal courts are courts of limited jurisdiction. *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). Thus, a party may raise a challenge to the court's exercise of jurisdiction over the subject matter of an action under Federal Rule of Civil Procedure 12(b)(1). Dismissal is appropriate under Rule 12(b)(1) when the plaintiff has failed to establish federal jurisdiction over the claim. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). Moreover, when subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[U]nlike a Rule 12(b)(6) motion, in a Rule 12(b)(1) motion, the district court is not confined by the facts contained in the four corners of the complaint—it may consider facts and need not assume the truthfulness of the complaint." *Americopters, LLC v. FAA*, 441 F.3d 726, 732 n.4 (9th Cir. 2006).

## ARGUMENT

As set forth in Defendants' Opposition, this Court lacks subject matter jurisdiction over the States' claims. *See* Defs. Opp. at 11-20. Therefore, the Court should dismiss the States' claims in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(1). Accordingly, Defendants cross-move under Federal Rule 12(b)(1) to dismiss the States' Complaint in its entirety and submit their Opposition to the States' motion as their Memorandum of Law in support and incorporate all arguments in that Opposition herein.

Defendants' Motion to Dismiss
2

CONCLUSION

For these reasons and the reasons stated in the United States' Opposition, the States' Complaint should be dismissed.

Dated: September 15, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

SCOTT E. BRADFORD
United States Attorney

KIRK T. MANHARDT
Director
Commercial Litigation Branch

MARC S. SACKS
Deputy Director

TERRANCE A. MEBANE
Assistant Director

s/ *I-Heng Hsu*
I-Heng Hsu (N.Y. Reg. 4904033)
Michael S. Tye (D.C. Bar. No. 488101)
Trial Attorneys
U.S. Department of Justice, Civil Division
P.O. Box 875, Ben Franklin Station
Washington D.C. 20044-0875
Tel: (202) 616-3619
Email: I-Heng.Hsu@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: September 15, 2025               s/ *Michael S. Tye*
                                        Michael S. Tye