LETITIA JAMES
Attorney General for the State of New York
Rabia Muqaddam
Chief Counsel for Federal Initiatives
Jessica Ranucci
Special Counsel
28 Liberty St.
New York, NY 10005
(929) 638-0447
Email:  rabia.muqaddam@ag.ny.gov
            jessica.ranucci@ag.ny.gov

*Attorneys for the State of New York*

[Additional counsel to appear on signature page]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STATE OF NEW YORK; STATE OF COLORADO; STATE OF MINNESOTA; STATE OF OREGON; STATE OF CALIFORNIA; STATE OF CONNECTICUT; STATE OF DELAWARE; DISTRICT OF COLUMBIA; STATE OF HAWAI'I; STATE OF ILLINOIS; OFFICE OF THE GOVERNOR, *ex rel.* ANDY BESHEAR, in his official capacity as Governor of the Commonwealth of Kentucky; STATE OF MAINE; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF NEVADA; STATE OF NEW MEXICO; STATE OF NORTH CAROLINA; JOSH SHAPIRO, in his official capacity as Governor of the Commonwealth of Pennsylvania; STATE OF WASHINGTON; STATE OF WISCONSIN,<br><br>     *Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF ENERGY; CHRIS WRIGHT, in his official capacity as Secretary of the U.S. Department of Energy,<br><br>     *Defendants*. | Case No. 6:25-cv-01458-MTK<br><br>**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## BACKGROUND

At the September 29, 2025, hearing on Plaintiffs' Motion for Partial Summary Judgment, the Court indicated that it would issue an opinion and order granting summary judgment to Plaintiffs on Count I of the First Amended Complaint; directed Plaintiffs to submit a proposed order; and requested that Plaintiffs provide supplemental briefing with legal support for their requested remedies. For the reasons detailed below, Plaintiffs respectfully request the Court enter an order granting partial summary judgment in the form of the proposed order attached as Exhibit A.

## ARGUMENT

**A.  The Court Should Vacate the Policy Flash.**

As Plaintiffs have explained and the Court recognized at the September 29, 2025, hearing, vacatur is the appropriate remedy where, as here, the Court finds an agency policy contrary to law. *See* Pls.' Reply in Supp. Partial Summ. J. ("Reply"), ECF No. 63 at 25-26. Defendants admit as much. *See* Defs.' Opp'n to Partial Summ. J. ("Opp'n"), ECF No. 55 at 29 (quoting *WildEarth Guardians v. Jeffries*, 370 F. Supp. 3d 1208, 1251 (D. Or. 2019)). Indeed, where a court finds that an agency acted unlawfully, vacatur "is the default remedy under the APA." *Montana Wildlife Fed'n v. Haaland*, 127 F.4th 1, 50 (9th Cir. 2025). Defendants offer no reason why the Policy Flash should not be vacated upon the Court finding it unlawful. Both the severity of the Policy Flash's legal defects and the equities here render remand without vacatur inappropriate. *See* Reply 25-26; *Humane Soc'y v. Locke*, 626 F.3d 1040, 1053 n.7 (9th Cir. 2010) (remand without vacatur is appropriate only "[i]n rare circumstances"). And Defendants' argument that the APA does not authorize universal vacatur, Opp'n 28-29, is *not* the law; Defendants cite no case that so holds.

Page 1 – SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
       FOR PARTIAL SUMMARY JUDGMENT

Accordingly, the Court should enter an order vacating and setting aside the Policy Flash in its entirety.

### B. The Court Should Order Plaintiffs' Requested Injunction.

Plaintiffs have established that an injunction prohibiting Defendants from implementing the Policy Flash in Plaintiff States (including through the Department of Energy Financial Assistance Letter 2025-05, ECF No. 56-2; the sample language for Notice of Funding Opportunity and language for Award Terms and Conditions contained therein; the Indirect Percentage Cap Fact Sheet, inclusive of its attachments, ECF No. 56-3; any other grant terms and conditions; and any communications requiring Plaintiff States to comply with the Policy Flash) or a substantially similar policy, and ordering any rejections of Plaintiffs' grant applications issued pursuant to or in reliance on the Policy Flash to be set aside, is necessary to afford them complete relief.

To warrant a permanent injunction, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). The final two factors merge when the government is the opposing party. *Galvez v. Jaddou*, 52 F.4th 821, 831 (9th Cir. 2022); *see also Nken v. Holder*, 556 U.S. 418, 435 (2009) (factors merge in stay context).

Here, Defendants do not seriously dispute that Plaintiffs have satisfied the latter three permanent injunction factors. *See* Opp'n 30-31. Indeed, there is no adequate remedy at law (as the APA does not authorize money damages). *East Bay Sanctuary Covenant v. Garland*, 994 F.3d 962, 984 (9th Cir. 2020). Moreover, given Plaintiffs' injuries, and the fact that Defendants are not

Page 2 – SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

harmed by an order requiring them to comply with clear regulatory requirements, the balance of hardships and public interest both warrant injunctive relief. *See Ass'n of Am. Univs. v. Nat'l Sci. Found.*, No. 25-cv-11231-IT, 2025 WL 1725857, at *23 (D. Mass. June 20, 2025); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (concluding the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

With respect to irreparable harm—the only factor Defendants have meaningfully disputed—the record evidence establishes that the Policy Flash applies identically to all Plaintiff States and will result in the same types of irreparable harms: As a result of the Policy Flash, Plaintiff States are forced to reduce staffing and programming and, ultimately, will be unable to meet their energy goals. *See* Pls.' Mot. for Partial Summ. J. ("Mot."), ECF No. 28 at 14-16; Reply 27-28. Accordingly, the Court can and should find that Plaintiff States will suffer irreparable harm warranting an injunction.

The scope of Plaintiffs' requested injunction is also appropriate. Injunctive relief "must be tailored to remedy the specific harm alleged." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1195 (9th Cir. 2024) (quoting *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991)). An injunction "must be no broader and no narrower than necessary to redress the injury shown by the plaintiff[s]." *Id.* (quoting *California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018)). Plaintiffs are asking for an injunction that is appropriately tailored to the problem at hand—prohibiting the implementation of the Policy Flash or a substantially similar policy and remedying harms Plaintiffs have already experienced from that implementation.

Here, Plaintiffs' evidence shows that Defendants have rejected their SEP formula grant applications based on the Policy Flash, notwithstanding Plaintiffs' negotiated (and binding) rates. *See* Mot. 14 (citing declarations providing DOE's statements that States' budgets "must be adjusted

Page 3 – SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
Attorney General for the State of New York
28 Liberty St.
New York, NY 10005
(929) 638-0047

to conform with" the Policy Flash). As a result, Plaintiffs were not permitted to submit an SEP budget application that included their full amount of indirect and fringe benefit costs and will be forced to cut staff or programming or find alternative funding sources. Mot. 14-16; Reply 24. Although Defendants characterize these rejections as "informal," *see* Gerstman Decl., ECF No. 57 ¶ 11, these rejections must be set aside to redress the injuries to Plaintiffs caused by the Policy Flash. *See* [Northern Cheyenne Tribe v. Norton](), 503 F.3d 836, 843 (9th Cir. 2007) ("A district court has 'broad latitude in fashioning equitable relief when necessary to remedy an established wrong.'") (quoting [High Sierra Hikers Ass'n v. Blackwell](), 390 F.3d 630, 641 (9th Cir. 2004)). Ordering these rejections to be set aside directly redresses Plaintiffs' injury by setting aside the precise conduct challenged in the case—conduct that Defendants undertook to implement the Policy Flash and that has caused Plaintiffs' irreparable harm. Accordingly, Plaintiffs' requested relief to set aside the rejections made pursuant to or in reliance on the Policy Flash is tailored to the "the needs of th[is] specific case" and has "a common sense relationship" with defendants' violations of law. *See* [Metro-GoldwinMayer Studios, Inc. v. Grokster, Ltd.](), 518 F. Supp. 2d 1197, 1226 (C.D. Cal. 2007); *see also* [Lamb-Weston, Inc.](), 941 F.2d at 974.

An injunction is warranted to provide Plaintiffs full relief. Otherwise, Defendants may argue that vacatur of the Policy Flash would not require setting aside the rejections of Plaintiff States' SEP formula grant proposals based on the Policy Flash—a remedy that is necessary to fully redress Plaintiff States' injuries. *Cf.* [Nat'l Insts. of Health v. Am. Pub. Health Assoc.](), 145 S. Ct. 2658, 2661 (Mem.) (Barrett, J., concurring) ("vacating the guidance does not necessarily void decisions made under it"). Moreover, although vacatur of the Policy Flash *should* be sufficient to prohibit Defendants from implementing a substantially similar policy, an injunction barring its enforcement would remove any doubt about the scope of relief, providing clear instructions to

Page 4 – SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

DOE front-line staff that application of the 10 percent indirect and fringe benefits cost cap to Plaintiffs is prohibited. This relief is critical because Defendants have already begun to implement the Policy Flash's 10 percent cap on indirect cost and fringe payments to States through various guidance documents and terms and conditions, including, at times, without reference to the Policy Flash itself. *See* Dello-NC Suppl. Decl., ECF No. 65 ¶ 4 & ECF No. 65-2, Ex. B at 18 (new terms and conditions for WAP grants stating that "the recipient is limited to a maximum percentage of 10% of the Total Award Amount for reimbursement of indirect costs and fringe benefits costs," without specific reference to the Policy Flash). An injunction is therefore necessary to remedy Plaintiffs' existing harms and to ensure that DOE officials adhere to the law going forward.

If the Court finds that an injunction is unwarranted here on the basis that it would be duplicative of vacatur, Plaintiffs respectfully request that the Court nonetheless address, in the alternative, Plaintiffs' application for injunctive relief. *See Nat'l Sci. Found.*, 2025 WL 1725857, at *21-23 (taking this approach). An express consideration of the factors for injunctive relief is warranted here, where Defendants insist that vacatur of the Policy Flash is not authorized. *See* Opp'n 28-30.

### C. The Court Should Enter a Declaratory Judgment.

Courts generally recognize two criteria for determining whether declaratory relief is appropriate: "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984) (quoting *McGraw-Edison Co. v. Preformed Line Products Co.*, 362 F.2d 339, 342 (9th Cir. 1966)). Defendants do not contest Plaintiffs' entitlement to a declaratory judgment, *see* Reply 28; Opp'n 28-32, and the Court should issue one here to clarify and settle Defendants' legal obligations

and prevent future uncertainty in Plaintiff States' continued administration of DOE's financial assistance awards.

## CONCLUSION

For the foregoing reasons, Plaintiff States respectfully request that the Court enter the proposed order attached as Exhibit A.

Page 6 – SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
    FOR PARTIAL SUMMARY JUDGMENT

Attorney General for the State of New York
28 Liberty St.
New York, NY 10005
(929) 638-0047

Dated: October 8, 2025

Respectfully submitted,

**LETITIA JAMES**
Attorney General for the State of New York

By: */s/ Rabia Muqaddam*
Rabia Muqaddam
*Chief Counsel for Federal Initiatives*
Jessica Ranucci
*Special Counsel*
28 Liberty St.
New York, NY 10005
(929) 638-0447
rabia.muqaddam@ag.ny.gov
jessica.ranucci@ag.ny.gov

*Attorneys for the State of New York*

**DAN RAYFIELD**
Attorney General for the State of Oregon

By: */s/ Leanne Hartmann*
Brian Simmonds Marshall #196129
Leanne Hartmann #T25070201, Mass. BBO # 667852
*Senior Assistant Attorneys General*
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Brian.S.Marshall@doj.oregon.gov
Leanne.Hartmann@doj.oregon.gov

*Attorneys for the State of Oregon*

**KEITH ELLISON**
Attorney General for the State of Minnesota

By: */s/ Katherine Bies*
Katherine Bies
*Assistant Attorney General*
Minnesota Attorney General's Office
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 300-0917
Katherine.Bies@ag.state.mn.us

*Attorney for the State of Minnesota*

**PHILIP J. WEISER**
Attorney General for the State of Colorado

By: */s/ Carrie Noteboom*
Carrie Noteboom
*Assistant Deputy Attorney General*
Jessica L. Lowrey
*First Assistant Attorney General*
Phalen Kohlruss-Reuman
*Assistant Attorney General*
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor
Denver, CO  80203
(720) 508-6000
carrie.noteboom@coag.gov
jessica.lowrey@coag.gov
phalen.kohlruss@coag.gov
FAX: (720) 508-6040

*Attorneys for the State of Colorado*

Page 7 – SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
    FOR PARTIAL SUMMARY JUDGMENT

**WILLIAM TONG**
Attorney General of Connecticut

By: */s/ Jill Lacedonia*
Jill Lacedonia
*Assistant Attorney General*
165 Capitol Avenue
Hartford, CT 06106
(860) 808-5250
Jill.Lacedonia@ct.gov

*Attorney for the State of Connecticut*

**ROB BONTA**
Attorney General for the State of California

By: */s/ Theodore McCombs*
Theodore McCombs
Marie Logan
*Deputy Attorneys General*
California Attorney General's Office
600 W. Broadway, Suite 1800
San Diego, CA 92101
(619) 738-9003
Theodore.McCombs@doj.ca.gov
Marie.Logan@doj.ca.gov

*Attorneys for the State of California*

**BRIAN L. SCHWALB**
Attorney General for the District of Columbia

By: */s/ Lauren M. Marks*
Lauren M. Marks*
*Special Assistant Attorney General*
Office of the Attorney General for the District of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 256-3713
Lauren.Marks@dc.gov

*Admitted only in Michigan; practice supervised by D.C. Bar Members

*Attorney for the District of Columbia*

**KATHLEEN JENNINGS**
Attorney General for the State of Delaware

By: */s/ Vanessa L. Kassab*
Ian R. Liston
*Director Of Impact Litigation*
Vanessa L. Kassab
*Deputy Attorney General*
Rose E. Gibson
*Assistant Attorney General*
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Attorneys for the State of Delaware*

Page 8 – SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
    FOR PARTIAL SUMMARY JUDGMENT

Attorney General for the State of New York
28 Liberty St.
New York, NY 10005
(929) 638-0047

**KWAME RAOUL**
Attorney General for the State of Illinois

By: */s/ Elena S. Meth*
Cara Hendrickson
*Executive Deputy Attorney General*
Elena S. Meth
*Assistant Attorney General*
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
(773) 835-0182
Cara.Hendrickson@ilag.gov
Elena.Meth@ilag.gov

*Attorneys for the State of Illinois*

**AARON M. FREY**
Attorney General for the State of Maine

By: */s/ Caleb Elwell*
Caleb E. Elwell
*Assistant Attorney General*
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8545
Caleb.elwell@maine.gov

*Attorney for the State of Maine*

**ANNE E. LOPEZ**
Attorney General for the State of Hawaiʻi

By: */s/ Kalikoʻonālani D. Fernandes*
David D. Day
*Special Assistant to the Attorney General*
Kalikoʻonālani D. Fernandes
*Solicitor General*
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov

*Attorneys for the State of Hawaiʻi*

**OFFICE OF THE GOVERNOR ex rel. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky**

By: */s/ S. Travis Mayo*
S. Travis Mayo
*General Counsel*
Taylor Payne
*Chief Deputy General Counsel*
Laura C. Tipton
*Deputy General Counsel*
Office of the Governor
700 Capitol Avenue, Suite 106
Frankfort, KY 40601
(502) 564-2611
travis.mayo@ky.gov
taylor.payne@ky.gov
laurac.tipton@ky.gov

*Attorneys for Office of The Governor* ex rel. *Andy Beshear*

Page 9 – SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
   FOR PARTIAL SUMMARY JUDGMENT

Attorney General for the State of New York
28 Liberty St.
New York, NY 10005
(929) 638-0047

| | |
|---|---|
| **ANDREA JOY CAMPBELL**<br>Attorney General for the Commonwealth of Massachusetts<br><br>By: */s/ Katherine Dirks*<br>Katherine Dirks<br>*Chief State Trial Counsel*<br>Office of the Massachusetts Attorney General<br>1 Ashburton Place Boston, MA 02108<br>(617) 963-2277<br>katherine.dirks@mass.gov<br><br>*Attorney for the Commonwealth of Massachusetts* | **ANTHONY G. BROWN**<br>Attorney General for the State of Maryland<br><br>By: */s/ Robert N. Brewer*<br>Robert N. Brewer<br>*Assistant Attorney General*<br>Maryland Office of the Attorney General<br>Federal Accountability Unit<br>200 Saint Paul Place<br>Baltimore, MD 21202<br>(410) 576-6924<br>rbrewer@oag.state.md.us<br><br>*Attorney for the State of Maryland* |
| **DANA NESSEL**<br>Attorney General of Michigan<br><br>By: */s/ Neil Giovanatti*<br>Neil Giovanatti<br>Polly Synk<br>*Assistant Attorneys General*<br>Michigan Department of Attorney General<br>525 W. Ottawa<br>Lansing, MI 48909<br>(517) 335-7603<br>GiovanattiN@michigan.gov<br>SynkP@michigan.gov<br><br>*Attorneys for the State of Michigan* | **AARON D. FORD**<br>Attorney General for the State of Nevada<br><br>By: */s/ Heidi Parry Stern*<br>Heidi Parry Stern (Bar. No. 8873)<br>*Solicitor General*<br>Office of the Nevada Attorney General<br>1 State of Nevada Way, Ste. 100<br>Las Vegas, NV 89119<br>HStern@ag.nv.gov<br><br>*Attorney for the State of Nevada* |
| **RAÚL TORREZ**<br>Attorney General for the State of New Mexico<br><br>By: */s/ Mark Noferi*<br>Mark Noferi<br>*Senior Litigation Counsel*<br>NM Department of Justice<br>408 Galisteo Street<br>Santa Fe, New Mexico 87501<br>(505) 490-4060 | **JEFF JACKSON**<br>Attorney General of North Carolina<br><br>By */s/ Daniel P. Mosteller*<br>Laura Howard<br>*Chief Deputy Attorney General*<br>Daniel P. Mosteller<br>*Associate Deputy Attorney General*<br>North Carolina Department of Justice<br>PO Box 629<br>Raleigh, NC 27602 |

Page 10 – SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

MNoferi@nmdoj.gov

*Attorney for the State of New Mexico*

**JOSH SHAPIRO in his official capacity as Governor of the Commonwealth of Pennsylvania**

By: */s/ Jacob B. Boyer*
Jennifer Selber
*General Counsel*
Jacob B. Boyer
*Deputy General Counsel*
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(717) 460-6786
jacobboyer@pa.gov

*Attorneys for Governor Josh Shapiro*

**JOSHUA L. KAUL**
Attorney General for the State of Wisconsin

By: */s/ Aaron J. Bibb*
Aaron J. Bibb, Wisconsin State Bar No. 1104662
*Assistant Attorney General*
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-0810
aaron.bibb@wisdoj.gov

*Attorney for the State of Wisconsin*

919-716-6026
dmosteller@ncdoj.gov

*Attorneys for the State of North Carolina*

**NICHOLAS W. BROWN**
Attorney General for the State of Washington

By: */s/ Kate S. Worthington*
Kate S. Worthington, WSBA No. 47556
*Assistant Attorney General*
7141 Cleanwater Drive SW
P.O. Box 40111
Olympia, WA 98504-0111
(306) 709-6470
kate.worthington@atg.wa.gov

*Attorney for the State of Washington*

Page 11 – SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT